UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                   Case No. 19-52728

DONALD DUANE DREWS, and                                  Chapter 13
TAMELA JANE DREWS,
                                                         Judge Thomas J. Tucker
            Debtors.
_____/

## ORDER DISAPPROVING THE DEBTORS' PROPOSED
## POST-CONFIRMATION PLAN MODIFICATION

This case is before the Court on the Debtors' proposed post-confirmation plan modification, filed on July 3, 2020 (Docket # 51, the "Plan Modification"). No timely objections to the Plan Modification were filed. But for the following reasons, the Court must disapprove the Plan Modification.

In this case, the Debtors' Chapter 13 Plan was confirmed on April 15, 2020 (*See* Plan (Docket # 31); Order Confirming Plan, (Docket # 44)). The Plan Modification proposes, among other things, that the Debtors' confirmed Plan be modified to extend the length of the Plan to 84 months (7 years), based on the "Coronavirus Aid, Relief, and Economic Security Act" (the "CARES Act") provision that added new § 1329(d) to the Bankruptcy Code. (Plan Modification at ¶ 3.) But that section does not apply in this case, because the Debtors' Plan was confirmed *after* the date of enactment of the CARES Act. (The Act was enacted on March 27, 2020).

New § 1329(d), which was added to the Bankruptcy Code by § 1113(b)(1)(C) of the CARES Act, provides, in relevant part:

> (d)(1) Subject to paragraph (3), **for a plan confirmed prior to the date of enactment of this subsection**, the plan may be modified upon the request of the debtor if—

> (A) the debtor is experiencing or has experienced a material financial hardship due, directly or indirectly, to the coronavirus disease 2019 (COVID–19) pandemic; and
>
> (B) the modification is approved after notice and a hearing.
>
> (2) A plan modified under paragraph (1) may not provide for payments over a period that expires more than 7 years after the time that the first payment under the original confirmed plan was due.

11 U.S.C. § 1329(d) (emphasis added). Section 1113(b)(1)(D)(ii) of the CARES Act further confirms that new § 1329(d) applies only to cases in which a plan was confirmed before the enactment of the CARES Act. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 16-136, **Sec. 1113 Bankruptcy**, tit. 11, § 1329 (March 27, 2020), 134 Stat 281, at *311-12.

So in this case no plan modification may extend the length of the confirmed plan beyond 5 years, under 11 U.S.C. § 1329(c).[1] (The Plan confirmed in this case already is a 60-month plan.)

For these reasons, the Court must disapprove the Plan Modification.

Accordingly,

IT IS ORDERED that the Plan Modification (Docket # 51) is disapproved.

---

[1] Section 1329(c) states:

> (c) A plan modified under this section may not provide for payments over a period that expires after the applicable commitment period under section 1325(b)(1)(B) after the time that the first payment under the original confirmed plan was due, unless the court, for cause, approves a longer period, but the court may not approve a period that expires after five years after such time.

**Signed on July 30, 2020**



/s/ Thomas J. Tucker
_____
**Thomas J. Tucker
United States Bankruptcy Judge**